CATHERINE CORTEZ MASTO
Attorney General
LEEANN PHOUTHAVONGSAY
Deputy Attorney General
Nevada State Bar No. 9892
Public Safety Division
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
Ph:  (702) 486-3267
Fax: (702) 486-3773
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE LEWIS,<br><br>    Plaintiff,<br><br>v.<br><br>A. ENDELL, E.K. McDANIELS, JOE BRACKBILL, TONY JONES, ROBERT CHAMBLISS, and JOHN DOE,<br><br>    Defendants. | CASE NO. : 2:08-cv-00157-RLH-LRL<br><br>**DEFENDANTS' MOTION FOR VIDEO CONFERENCE** |

DEFENDANTS ADAM ENDEL and ROBERT CHAMBLISS, by and through counsel, CATHERINE CORTEZ MASTO, Attorney General, and LEEANN PHOUTHAVONGSAY, Deputy Attorney General, hereby submit their Motion for Video Conference.

This Motion is made and based upon the accompanying points and authorities, all pleadings and papers on file herein, and the arguments of counsel if the Court deems a hearing appropriate in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     STATEMENT OF FACTS**

Plaintiff filed his Amended Complaint on April 21, 2008.  (Court Docket "CD" #6). Plaintiff's Amended Complaint alleges Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment while being housed at Ely State Prison (ESP).  *Id.* Plaintiff claims on April 7, 2007, he fell off the top bunk in his cell because he had a seizure. Plaintiff claims he was restricted to a lower bunk at the time of the alleged fall.  *Id.*  The only

remaining claim in Plaintiff's Complaint is Count I against Defendants in their individual capacities. (Court Docket "CD" #25).

On February 4, 2010, this Court entered an Order Scheduling a Settlement Conference. (CD #58). In its Order, the Court requested the Attorney General's office be responsible for transportation of plaintiff to and from the settlement conference on May 11, 2010. (CD #58, p. 3). Because of the burden and costs associated with transporting the Plaintiff to and from the settlement conference, Defendants submit the instant motion.

## II.  ARGUMENT

Plaintiff has been ordered to appear personally at his May 11, 2010 settlement conference, and the Office of the Attorney General has been ordered to facilitate the same. While counsel speculates that in the past, there was a general movement for inmates to personally appear at the Settlement Conference, counsel believes the idea of inmates being transported to personally appear for court has fallen out of favor for the reasons enumerated herein.

State prisoners are not entitled, as a matter of right, to appear personally at hearings in their civil rights actions. *Conway v. Dunbar,* 448 F.2d 765, 766 n. 2 (9th Cir. 1971) and *Potter v. McCall,* 433 F.2d 1087, 1088 (9th Cir. 1970). There do not appear to be any exigent circumstances in the present action requiring Plaintiff to personally attend the May 11, 2010 settlement conference. Additionally, Plaintiff's personal attendance at the Settlement Conference is unnecessary as appearance by video conference would suffice.

The Prison Litigation Reform Act of 1996 at 42 U.S.C. §1997e(f)[1] mandates, to the extent practicable, inmate participation in pretrial proceedings by telephone or video conference without removing the prisoner from the facility in which the prisoner is confined:

(f) Hearings

> (1) <u>To the extent practicable</u>, in any action brought with respect to prison conditions in Federal court pursuant to section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, pretrial proceedings in which the <u>prisoner's</u>

---

[1] Subsection (f) was not altered or amended by the Prison Abuse Remedies act of 2007. (2007 CONG US HR 4109).

<u>participation</u> is required or permitted <u>shall be conducted by telephone, video conference, or other telecommunications technology without removing the prisoner from the facility in which the prisoner is confined</u>. [Emphasis added].

(2) Subject to the agreement of the official of the Federal, State, or local unit of government with custody over the prisoner, hearings may be conducted at the facility in which the prisoner is confined. To the extent practicable, the court shall allow counsel to participate by telephone, video conference, or other communications technology in any hearing held at the facility.

42 U.S.C. §1997e(f).

The Plaintiff is classified to serve his sentence at Nevada's High Desert State Prison ("HDSP"). There is an added monetary expense in transporting the Plaintiff personally to the settlement conference as opposed to him appearing via video conferencing.

As an alternative to the Plaintiff appearing personally, Defendants propose an appropriate remedy for all parties would be for the Plaintiff to conduct his May 11, 2010 settlement conference in this case by video conference.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request the Court grant Defendants' Motion for Plaintiff to appear via video conference at his May 11, 2010 settlement conference.

DATED this 26th day of April, 2010.

Respectfully submitted,

CATHERINE CORTEZ MASTO
Attorney General

By: /s/LEEANN PHOUTHAVONGSAY
LeeAnn Phouthavongsay
Deputy Attorney General
Public Safety Division
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
Attorneys for Defendants

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 4-27-10

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the Office of the Attorney General and that on the 26th day of April, 2010, I served the foregoing **DEFENDANTS' MOTION FOR VIDEO CONFERENCE** by causing a true and correct copy thereof to be filed with the Clerk of the Court using the CM/ECF system and by causing to be delivered to the Department of General Services for mailing at Las Vegas, Nevada, a true copy thereof addressed to:

WILLIE LEWIS #91716
High Desert State Prison
PO Box 650
Indian Springs, NV  89070

  /s/  Gina Long
An employee of the Office of the Attorney General