1  CATHERINE CORTEZ MASTO
   Attorney General
2  LEEANN PHOUTHAVONGSAY
   Deputy Attorney General
3  Nevada State Bar No. 9892
   Public Safety Division
4  555 E. Washington Ave., Ste. 3900
   Las Vegas, NV 89101
5  Ph: (702) 486-3267
   Fax: (702) 486-3773
6  Attorneys for Defendants

7

8              **UNITED STATES DISTRICT COURT**

9                  **DISTRICT OF NEVADA**

10  WILLIE LEWIS,                      CASE NO.: 2:08-cv-00157-RLH-LRL

11          Plaintiff,

12  v.                                 **DEFENDANTS' EMERGENCY MOTION
                                       TO STAY PROCEEDINGS PENDING**
13  A. ENDELL, E.K. McDANIELS, JOE      **APPEAL**
    BRACKBILL, TONY JONES, ROBERT
14  CHAMBLISS, and JOHN DOE,
15
16          Defendants.

17      DEFENDANTS ADAM ENDEL and ROBERT CHAMBLISS (hereinafter "Defendants"),

18  by and through counsel, CATHERINE CORTEZ MASTO, Attorney General, and LEEANN

19  PHOUTHAVONGSAY, Deputy Attorney General, hereby submit their Motion to Stay

20  Proceedings Pending Appeal. This Motion is made and based upon the attached points and

21  authorities, as well as all other papers, pleadings, and documents on file herein.

22            **MEMORANDUM OF POINTS AND AUTHORITIES**

23  **I.    Introduction**

24      This Court's Order (CD #49), filed on October 28, 2009, did not analyze or rule on

25  qualified immunity. Defendants filed a Motion for Reconsideration (CD #66) on May 20, 2010,

26  as said Order appeared to resolve the only claim for trial by ruling that Plaintiff did not meet

27  the objective component of the two-part test required for an Eighth Amendment violation (CD

28  #49, p. 6, ll. 10-17) and based on the fact that said Order did not analyze or rule on qualified

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

1   immunity.  On June 2, 2010, this Court ruled that Defendants are not entitled to qualified

2   immunity.

3       Because this Court recently denied Defendants' claim of qualified immunity on June 2,

4   2010, Defendants have filed a Notice of Appeal to the Ninth Circuit Court of Appeals.  Federal

5   district court orders rejecting qualified immunity from suit are immediately appealable.  28

6   U.S.C. § 1291; *Will v. Hallock*, 546 U.S. 345, 346 (2006).

7       A bench trial in this matter is currently scheduled for June 9, 2010.  In the event the

8   Ninth Circuit rules in favor of Defendants, a trial will not be necessary.  Thus, Defendants'

9   instant request is made in order to conserve judicial resources and to avoid the expenses to

10  the parties of a potentially unnecessary trial.  Defendants respectfully request that the

11  upcoming trial be stayed or vacated pending a ruling from the Ninth Circuit as to Defendants'

12  interlocutory appeal.

13  **II.**   **Argument**

14      This Court is automatically divested of jurisdiction to proceed with trial in this case

15  unless it certifies in writing that Defendants' interlocutory appeal as to qualified immunity is

16  frivolous or has been waived.  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

17      First, Defendants' appeal as to qualified immunity is not frivolous.  This Court's Order

18  (CD #49), filed on October 28, 2009, provides:

19          **"To establish an Eighth Amendment violation, a prisoner must**
            **satisfy both the objective and subjective components of a**
20          **two-part test."**   *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).
            "First, there must be a demonstration that the prison official
21          deprived the prisoner of the 'minimal civilized measure of life's
            necesseties.' Second, a prisoner must demonstrate that the prison
22          official 'acted with deliberate indifference in doing so.'"  *Toguchi v.*
            *Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v.*
23          *Morgan*,  296 F.3d 732, 744 (9th Cir. 2002)).  As the Ninth Circuit
            has stated, "[this] is not an easy test for plaintiffs to satisfy."
24          *Hallett*, 296 F.3d at 745 (emphasis added).

25  (CD #49, p. 5, ll. 20-26). This Court then ruled:

26          Defendants claim that giving Plaintiff an upper bunk served a
            penological purpose because there were no lower bunk beds
27          available at the time Defendants gave him an upper bunk and they
            needed to give him a bed to sleep (Dkt. #41, Mot. 12).  The Court
28          agrees with Defendants on this point.  Defendants were still bound
            to provide Plaintiff with a bed, even if it was not located in a lower

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

bunk. **Thus, under the objective component of the test, Defendants did not deprive plaintiff of a minimal civilized measure of life's necessities.** However, the Court must still analyze the risk associated with placing him on the upper bunk under the subjective "deliberate indifference" standard (emphasis added).

(CD #49, p. 6, ll. 10-17).

Said Order specifically provides that Defendants <u>did not</u> deprive Plaintiff of a minimal civilized measure of life's necessities. (CD #49, p. 6, ll. 14-15). In order to establish an Eighth Amendment violation, a prisoner must satisfy <u>both</u> the objective and subjective components. Because this Court ruled that Plaintiff did not meet the objective component of the two-part test required for an Eighth Amendment violation, the analysis must end there. Said ruling is fatal to Plaintiff's claim of an Eighth Amendment violation, and therefore, Defendants are entitled to qualified immunity. *Pearson v. Callahan*, 129 S. Ct. 808 (2009).

However, this Court did not analyze and rule on Defendants' claim of qualified immunity in said Order. The doctrine of qualified immunity is an <u>immunity from suit</u> rather than a mere defense to liability and is effectively lost if a case is erroneously permitted to go to trial. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). The utility and shield of qualified immunity is lost if government officials are subjected to the burdens and expenses of trial preparation and distracted from their duties. *Harlow v. Fitzgerald*, 457 U.S. 800, 816-818 (1982).

Defendants requested an analysis and ruling on qualified immunity through a Motion for Reconsideration (CD #66), filed on May 20, 2010, and this Court ruled on June 2, 2010 that Defendants are not entitled to qualified immunity. F.R.A.P. (a)(4)(B)(ii) provides, "[a] party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment altered or amended upon such a motion, must file a notice of appeal, or an amended notice of appeal – in compliance with Rule 3(c) – within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion." Defendants' appeal of this Court's June 2, 2010 Order denying qualified immunity is not frivolous.

Second, Defendants claim of qualified immunity has not been waived. Defendants have claimed qualified immunity since the inception of this case as set forth in their Motion to

1  Dismiss (CD #15), Motion for Summary Judgment (CD #41), and Motion for Reconsideration

2  (CD #66).  Defendants are not raising qualified immunity for the first time on appeal either.

3  Thus, there has been no waiver on the part of Defendants.

4  **III.**    **Conclusion**

5      Based upon the foregoing, Defendants request that the trial in this case be stayed or

6  vacated pending a ruling from the Ninth Circuit as to Defendants' interlocutory appeal.

7      DATED this 4th day of June, 2010.

8                                          Respectfully submitted,

9                                          CATHERINE CORTEZ MASTO
                                           Attorney General
10

11                                         By: ___/s/_____

12                                              LeeAnn Phouthavongsay
                                                Deputy Attorney General
13                                              Public Safety Division
                                                555 E. Washington Ave., Ste. 3900
14                                              Las Vegas, NV  89101
                                                Attorneys for Defendants
15

16

17                                         IS IS SO ORDERED.

18                                         _____

19                                         CHIEF UNITED STATES DISTRICT JUDGE

20                                         DATED:  June 10, 2010

21

22

23

24

25

26

27

28

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the Office of the Attorney General and that on the 4th day of June, 2010, I served the foregoing **DEFENDANTS' EMERGENCY MOTION TO STAY PROCEEDINGS PENDING APPEAL** by causing a true and correct copy thereof to be filed with the Clerk of the Court using the CM/ECF system and by causing to be delivered to the Department of General Services for mailing at Las Vegas, Nevada, a true copy thereof addressed to:

WILLIE LEWIS #91716
High Desert State Prison
PO Box 650
Indian Springs, NV  89070

_____/s/  Gina Long_____
An employee of the Office of the Attorney General

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101